UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:12CR449 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| DONTE SMITH, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | AND ORDER |

This matter comes before the Court upon Petitioner, Donte Smith's "Motion Seeking a Two-Level Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Recently Passed U.S.S.G. Amendment 782 Made Retroactive on November 1, 2014." (ECF #454). On September 26, 2012, Defendant was indicted for conspiracy to possess with intent to distribute and conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 21 U.S.C. § 846 (Count One); being a violent felon in possession of body armor, in violation of 18 U.S.C. § 931(a)(1) (Count Six); being a violent a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Seven); and, use of a communication facility to facilitate a drug trafficking crime, in violation of 21 U.S.C. § 843(b) (Counts Twenty and Twenty-Two). On June 12, 2014, Defendant entered a guilty plea as to Counts One, Six, and Seven. Based on Defendant's Presentence Report, U.S.S.G. section 2K2.1, and the plea agreement, this Court assigned Defendant a total adjusted offense level of 21 and a Criminal History Category of IV. Defendant was then sentenced to a term of 62 months for his underlying conviction, as to Counts One and Seven, concurrent with a 36 month sentence as to Count Six.

In the case of a criminal defendant who has been sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court may reduce the term of imprisonment upon motion of the defendant. § 3582(c)(2). Section 1B1.10 of the U.S.S.G. defines the circumstances under which sentences based on Amendment 782 (among others), for drug convictions governed by section 2D1.1, may be retroactively reduced in accordance with the statute. Section 1B1.10 requires that any reduction in sentencing be consistent with applicable policy statements issued by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010). A reduction in defendant's term of imprisonment is inconsistent with policy within the meaning of section 1B1.10(a)(2)(B), and therefore unauthorized, when an amendment does not have the effect of lowering the defendant's applicable guideline range.

In this case, Defendant's sentencing range was based upon section 2K2.1, which (unlike section 2D2.1) remains unaffected by the recent guideline amendment. For this reason, Defendant's primary offense level remains identical to this Court's initial calculation. Courts in the Sixth Circuit have denied motions for reduction of sentences under similar circumstances. *See, e.g., United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009); *United States v. Riley*, 726 F.3d 756 (6th Cir. 2013).

Further. Section 1B1.10 also requires the court to consider the "nature and seriousness of the danger to any person or the community that may be posed by a reduction," prior to its authorization. Count Six and Seven of the indictment, along with Defendant's prior convictions, indicate that he presents a readily apparent danger to the community and a risk to public safety in general. In light of the foregoing, no reduction is warranted. Defendant's Motion, (ECF #454) is hereby, DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _____June 8, 2015_____